UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ISAI FRAIRE HUECIAS,                     )       Case No. EDCV 14-1437-JEM
                                         )
                    Plaintiff,           )
                                         )
        v.                               )       MEMORANDUM OPINION AND
                                         )       ORDER AFFIRMING DECISION OF
CAROLYN W. COLVIN,                       )       THE COMMISSIONER OF SOCIAL
Acting Commissioner of Social Security,  )       SECURITY
                                         )
                    Defendant.           )
_____ )

## PROCEEDINGS

On July 22, 2014, Isai Fraire Huecias ("Plaintiff" or "Claimant") filed a complaint

seeking review of the decision by the Commissioner of Social Security ("Commissioner")

denying Plaintiff's application for Social Security Disability Insurance benefits.  The

Commissioner filed an Answer on October 21, 2014.  On February 19, 2015, the parties

filed a Joint Stipulation ("JS").  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this

Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record

("AR"), the Court concludes that the Commissioner's decision must be affirmed and this

case dismissed with prejudice.

**BACKGROUND**

1
2
3
4
5

Plaintiff is a 48-year-old male who applied for Social Security Disability Insurance benefits on June 7, 2011, alleging disability beginning August 31, 2008.  (AR 14.)  The ALJ determined that Plaintiff has not engaged in substantial gainful activity since August 31, 2008, the alleged onset date.  (AR 16.)

6
7
8
9
10
11
12

Plaintiff's claim was denied initially on August 19, 2011 and on reconsideration on December 22, 2011.  (AR 14.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Mark B. Greenberg on October 19, 2012, in Moreno Valley, California.  (AR 14.)  Claimant appeared and testified at the hearing with the assistance of a Spanish interpreter and was represented by counsel.  (AR 14.)  Vocational expert ("VE") Corinne J. Porter also appeared and testified at the hearing. (AR 14.)

13
14

The ALJ issued an unfavorable decision on January 17, 2013.  (AR 14-24.)  The Appeals Council denied review on May 21, 2014.  (AR 1-3.)

15

**DISPUTED ISSUES**

16
17

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

18

1.    Whether the ALJ properly considered Plaintiff's treating physician's opinion.

19
20

2.    Whether the ALJ properly considered if the Plaintiff meets or equals Listing 1.04.

21

**STANDARD OF REVIEW**

22
23
24
25
26

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

27
28

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance."  Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting

2

Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).  Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld.  Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"  Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

### THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner has established a five-step sequential process to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging in substantial gainful activity, disability benefits will be denied.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments.  Parra, 481 F.3d at 746.  An impairment is not severe if it does not significantly limit the claimant's ability to work.  Smolen, 80 F.3d at 1290.  Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations.  Parra, 481 F.3d at 746.  If the impairment meets or equals one of the

1  listed impairments, the claimant is presumptively disabled.  <u>Bowen</u>, 482 U.S. at 141.
2  Fourth, the ALJ must determine whether the impairment prevents the claimant from
3  doing past relevant work.  <u>Pinto v. Massanari</u>, 249 F.3d 840, 844-45 (9th Cir. 2001).
4  Before making the step four determination, the ALJ first must determine the claimant's
5  residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  The RFC is "the most
6  [one] can still do despite [his or her] limitations" and represents an assessment "based
7  on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC
8  must consider all of the claimant's impairments, including those that are not severe.  20
9  C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

10      If the claimant cannot perform his or her past relevant work or has no past
11  relevant work, the ALJ proceeds to the fifth step and must determine whether the
12  impairment prevents the claimant from performing any other substantial gainful activity.
13  <u>Moore v. Apfel</u>, 216 F.3d 864, 869 (9th Cir. 2000).  The claimant bears the burden of
14  proving steps one through four, consistent with the general rule that at all times the
15  burden is on the claimant to establish his or her entitlement to benefits.  <u>Parra</u>, 481 F.3d
16  at 746.  Once this prima facie case is established by the claimant, the burden shifts to
17  the Commissioner to show that the claimant may perform other gainful activity.
18  <u>Lounsburry v. Barnhart</u>, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a
19  claimant is not disabled at step five, the Commissioner must provide evidence
20  demonstrating that other work exists in significant numbers in the national economy that
21  the claimant can do, given his or her RFC, age, education, and work experience.  20
22  C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is
23  disabled and entitled to benefits.  <u>Id.</u>

24                              **THE ALJ DECISION**

25      In this case, the ALJ determined at step one of the sequential process that Plaintiff
26  has not engaged in substantial gainful activity since August 31, 2008, the alleged onset
27  date.  (AR 16.)

28

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: degenerative disc disease, musculoskeletal strain, depression, meniscal injury, knee derangement, patellofemoral syndrome and chronic pain (20 C.F.R. § 404.1520(c)).

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 16-18.)

The ALJ then found that Plaintiff has the RFC to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b) with the following functional limitations:

> He is capable of performing occasional postural maneuvers but cannot walk on uneven terrain, climb ladders, ropes or scaffolds or work around hazards. Further, he is not to have concentrated exposure to extreme cold or vibration and requires a sit/stand option every 30 minutes. Lastly, he is limited to unskilled work due to pain/medication.

(AR 18-22.) In determining the above RFC, the ALJ made an adverse credibility determination which Plaintiff does not challenge here. (AR 20.)

At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a landscape laborer, an assembler of RVs/couch wirer, a heavy equipment operator and a construction worker/laborer. (AR 22-37.) The ALJ, however, also found that, considering Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of production solderer and garment sorter. (AR 24.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act. (AR 24.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ properly considered the medical evidence, properly rejected the opinion of Plaintiff's treating physician and properly concluded that Plaintiff's impairments did not meet or equal a listing.

5

1  The ALJ's RFC is supported by substantial evidence.  The ALJ's nondisability

2  determination is supported by substantial evidence and free of legal error.

3  **I.  THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE**

4  Plaintiff contends that the ALJ erred in rejecting the opinion of Plaintiff's treating

5  physician, orthopedist Dr. Khalid Ahmed.  The Court disagrees.

6  **A.  Relevant Federal Law**

7  The ALJ's RFC is not a medical determination but an administrative finding or

8  legal decision reserved to the Commissioner based on consideration of all the relevant

9  evidence, including medical evidence, lay witnesses, and subjective symptoms.  See

10  SSR 96-5p; 20 C.F.R. § 1527(e).  In determining a claimant's RFC, an ALJ must

11  consider all relevant evidence in the record, including medical records, lay evidence, and

12  the effects of symptoms, including pain reasonably attributable to the medical condition.

13  Robbins, 446 F.3d at 883.

14  In evaluating medical opinions, the case law and regulations distinguish among

15  the opinions of three types of physicians:  (1) those who treat the claimant (treating

16  physicians); (2) those who examine but do not treat the claimant (examining physicians);

17  and (3) those who neither examine nor treat the claimant (non-examining, or consulting,

18  physicians).  See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d

19  821, 830 (9th Cir. 1995).  In general, an ALJ must accord special weight to a treating

20  physician's opinion because a treating physician "is employed to cure and has a greater

21  opportunity to know and observe the patient as an individual."  Magallanes v. Bowen,

22  881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  If a treating source's opinion on the

23  issues of the nature and severity of a claimant's impairments is well-supported by

24  medically acceptable clinical and laboratory diagnostic techniques, and is not

25  inconsistent with other substantial evidence in the case record, the ALJ must give it

26  "controlling weight."  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

27  Where a treating doctor's opinion is not contradicted by another doctor, it may be

28  rejected only for "clear and convincing" reasons.  Lester, 81 F.3d at 830.  However, if the

treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

### B. Analysis

Plaintiff asserts that he is unable to work due to neck pain with radiation into his upper extremities, lower back pain with radiation into his lower extremities, knee pain and depression.[1] (AR 19.) Plaintiff claims that he requires use of a cane, cannot lift anything, cannot sit for 8 hours, can stand for only 30 minutes and can walk but half a block. (AR 19.) He has had multiple epidural injections and takes pain medication regularly. (AR 19.)

---

[1] Based on a consulting examination and a State agency reviewing physician's assessment, the ALJ determined that Plaintiff's mental impairment was nonsevere. (AR 16-18.) Plaintiff does not challenge the ALJ's finding.

1    The ALJ, however, properly concluded that the medical evidence does not support

2  the degree of functional limitations alleged by Claimant.  (AR 19.)  The ALJ cited MRIs of

3  the cervical and lumbar spine taken in August 2010 that showed lumbar strain, multilevel

4  degenerative disc disease, disc protusions and right lower extremity radiculopathy.  (AR

5  19, 718.)  An orthopedic examination by Dr. Jason Chiu in September 2010, however,

6  was normal except for lumbar pain and decreased range of motion.  (AR 19, 718-19.)

7  He was able to sit comfortably in no distress, required no assistance with movement and

8  demonstrated a negative straight leg raising test.  (AR 19, 712, 714.)  Claimant was told

9  he was not a surgical candidate and was advised to avoid lifting, pushing, pulling or

10  carrying over 50 pounds.  (AR 19, 719-720.)  Claimant's physical examinations for the

11  remainder of 2010 were normal with only a decreased range of motion in his spine.  (AR

12  19.)

13    Claimant has received lumbar and cervical steroid injections from his treating

14  orthopedist, Dr. Khalid Ahmed.  (AR 19-20.)  Although Dr. Ahmed reported decreased

15  range of motion in Plaintiff's spine, there is no evidence in the record that Dr. Ahmed

16  ever advised Claimant he needed surgery or prescribed a cane or indicated more

17  aggressive treatment was necessary.  (AR 20.)  Nor is there any evidence Plaintiff

18  underwent physical therapy, chiropractic care, massage therapy, utilized a TENS unit or

19  required emergency care due to back or neck pain.  (AR 20.)  The ALJ found, based on

20  all the medical evidence, Claimant's alleged back and neck pain were well managed with

21  pain medication and periodic epidural injections.  (AR 20.)  Dr. Ahmed also reported that

22  Claimant's right knee was stable with normal range of motion, and Plaintiff never

23  reported any limitations caused by right knee pain.  (AR 20.)

24    On July 23, 2011, a consulting orthopedist, Dr. Terrance P. Flanagan, examined

25  Plaintiff and found him in no acute distress, able to sit and stand with normal posture,

26  able to rise from his chair and get on and off the table without difficulty.  (AR 20.)  The

27  examination was unremarkable except for decreased range of motion in his neck and

28  back as well as tenderness in his knees, shoulders and hips.  (AR 20.)  Dr. Flanagan

diagnosed cervic/thoracic/lumbar myofascial strain, cervical/lumbar degenerative disc disease, bilateral gluteal/trapezial strain, left patellofemoral syndrome and right medial meniscal injury.  (AR 20-21.)  He determined Plaintiff was capable of sitting, standing and walking for six hours out of an eight hour workday.  (AR 21.)  Dr. Flanagan assessed Claimant with a medium exertional RFC but could only frequently climb, stoop, kneel and crouch.  (AR 21.)  He did not require the use of an assistive device.  (AR 21.)  Indeed, Dr. Flanagan found that Claimant's gait was exaggerated and the ALJ found he was never prescribed a cane for ambulation.  Three other State agency reviewing physicians also gave Plaintiff medium RFC assessments with few limitations.  (AR 21.)

Thus, the ALJ found that Plaintiff's alleged limitations were not credible based on Claimant's longitudinal clinical presentation, type of and response to treatment, daily activities[2] and objective evidence.  (AR 20, 22.)  Significantly, Plaintiff does not challenge the ALJ's adverse credibility determination.  Based on the medical evidence and the adverse credibility determination, the ALJ assessed a light work RFC but with limitations to occasional postural maneuvers, cannot walk on uneven terrain, climb ropes or scaffolds or work around hazards.  (AR 18, 21.)  Exposure to extreme cold or vibration is precluded and Claimant requires a sit/stand option every 30 minutes.  (AR 18, 21.)  He is limited to unskilled work due to pain/medication.  (AR 18, 21.)  These limitations which are more restrictive than those assessed by Dr. Flanagan and the State agency reviewers reflect some accommodation of Plaintiff's subjective symptoms and subsequent medical evidence and hearing testimony.  (AR 22.)

Against the weight of all of the above evidence, Claimant nonetheless asserts that he is precluded from all work, based on a February 21, 2012 checklist medical source statement from Dr. Ahmed.  (AR 21, 1846-48.)  In the statement, Dr. Ahmed determined that Plaintiff could not lift/carry more than 10 pounds, could only sit/stand/walk for 15

---

[2]    The ALJ found that, despite his alleged pain, Claimant was able to sit and play the piano, prepare simple meals, go grocery shopping, drive and exercise.  (AR 19.)

1    minutes at a time, while needing to lie down at unpredictable intervals during the day.

2    (AR 21, 1846-47.)  Dr. Ahmed based his opinion on Plaintiff's neck and back pain, and

3    opined Plaintiff would miss work more than 3 days per month.  (AR 21, 1847, 1848.)

4         The ALJ, however, gave Dr. Ahmed's opinion little weight.  (AR 21.)  Plaintiff

5    contends that the ALJ erred in discounting Dr. Ahmed's opinion because the ALJ's

6    reasons were conclusory, objective medical evidence supported by Dr. Ahmed's opinion

7    and there is no evidence that Dr. Ahmed based his opinion on Plaintiff's subjective

8    complaints as the ALJ found.  Plaintiff also argues that, if the medical evidence is not

9    sufficient to support Dr. Ahmed's opinion, the ALJ had a duty to recontact Dr. Ahmed to

10   obtain clarification and/or additional evidence.  The Court disagrees.

11        First, the ALJ discounted Dr. Ahmed's opinion because it was a checklist medical

12   statement not supported by his treating notes or by the medical evidence, and is vague

13   with little support from clinical findings or diagnostic studies.  (AR 21.)  An ALJ may

14   reject a treating physician's opinion that is conclusionary in the form of a checklist, and

15   where the treatment notes do not provide objective medical evidence of the limitations

16   asserted. Batson v. Comm'r, 359 F.3d 1190, 1195, esp. n.3 (9th Cir. 2004).  Here, as

17   already observed, Dr. Ahmed never indicated that Plaintiff was a surgical candidate for

18   his neck or back, or required more aggressive treatment.  There was no evidence that

19   Plaintiff required treatment other than pain medication and injections.  The ALJ may

20   discount a treating physician's opinion where the doctor prescribes a conservative

21   course of treatment not consistent with total disability.  Rollins v. Massanari, 261 F.3d

22   853, 856 (9th Cir. 2001). The ALJ found Dr. Ahmed's physical examinations of Plaintiff

23   were unremarkable with only a display of restricted range of motion of the spine.  Plaintiff

24   points to selected medical evidence of Plaintiff's impairments but does not explain how

25   that evidence supports Dr. Ahmed's opinion.  Plaintiff disagrees with the ALJ's

26   interpretation of Dr. Ahmed's findings and opinions, but it is the ALJ's responsibility to

27   resolve conflicts in the medical evidence.  Andrews, 53 F.3d at 1039.  Where the ALJ's

28

1   interpretation of the medical evidence is reasonable as it is here, it should not be

2   second-guessed.  Rollins, 261 F.3d at 857.

3          Second, the ALJ found that Dr. Ahmed's opinion was not supported by the

4   medical evidence.  (AR 21.)  The contradictory opinions of other physicians provide

5   specific, legitimate reasons for rejecting a physician's opinion.  Tonapetyan v. Halter,

6   242 F.3d 1144, 1150 (9th Cir. 2001); Batson, 359 F.3d at 1195.  Here, Dr. Chiu,

7   Dr. Flanagan, and three State agency reviewing physicians assessed Plaintiff with a

8   medium work RFC.  Plaintiff never addresses these other medical opinions or disputes

9   them.  Again, it is the ALJ's responsibility to resolve conflicts in the medical evidence.

10  Andrews, 53 F.3d at 1039.

11         Third, the ALJ found that, because there was no evidence that Claimant required

12  treatment other than pain medication and injections which were sufficient to manage his

13  pain, Dr. Ahmed's opinion appeared based in large part on the Claimant's subjective

14  complaints.  An ALJ properly may disregard a medical opinion based to a large extent on

15  a claimant's self-reports that have been discredited.  Tommasetti v. Astrue, 533 F.3d

16  1035, 1041 (9th Cir. 2008).  Plaintiff contends there is no evidence Dr. Ahmed relied on

17  Plaintiff's subjective complaints but, as there is no disabling RFC assessment in

18  Dr. Ahmed's notes, the ALJ fairly assumed Dr. Ahmed obtained the more restrictive

19  limitations in his checkbox assessment from Plaintiff.  (AR 21.)  The ALJ found this

20  particularly so regarding the extreme limitations concerning Claimant's ability to walk,

21  stand and sit, including Dr. Ahmed's statement that he could stand for only 15 minutes at

22  a time.  (AR 21, 22.)

23         Plaintiff also contends that the ALJ erred by not recontacting Dr. Ahmed to obtain

24  clarification of his opinion and additional evidence.  The ALJ does have a duty to

25  develop the record fully and fairly but the duty to conduct further inquiry is triggered only

26  when the evidence is ambiguous or inadequate to allow proper evaluation of the

27  evidence.  Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001).  What matters,

28  then, is not the insufficiency of Dr. Ahmed's opinion but the adequacy of the record as a

whole.  Id. at 460 ("the record before the ALJ was neither ambiguous nor inadequate for proper evaluation of the evidence"); Bayliss, 427 F.3d at 1217 (no duty to recontact doctors because the ALJ with support in the record found the evidence adequate to make a determination regarding disability).  Here, the ALJ discounted the opinion of Dr. Ahmed and relied on the opinions of Dr. Chiu, Dr. Flanagan and three State agency reviewing physicians.  The record was neither ambiguous nor inadequate for the ALJ to reach a determination of disability.

The ALJ properly rejected the opinions of Dr. Ahmed for specific, legitimate reasons supported by substantial evidence.  The ALJ properly considered the medical evidence and had no duty to recontact Dr. Ahmed.  The ALJ's RFC is supported by substantial evidence and free of legal error.

## II.    THE ALJ PROPERLY CONCLUDED THAT PLAINTIFF'S IMPAIRMENTS DO NOT MEET OR EQUAL A LISTING

At step three of the sequential process, the ALJ found that "the Claimant's impairments, considered singly and in combination, do not meet or medically equal the criteria of Listings 1.02, 1.04 or any other listing."  (AR 16.)  Plaintiff contends that this finding is insufficient and that the medical evidence of record establishes that he does meet and/or equal the criteria of Listing 1.04.  The Court disagrees.

### A.    Relevant Federal Law

Social Security regulations provide that a claimant is disabled if he or she meets or medically equals a listed impairment.  Section 416.920(a)(4)(iii) ("If you have an impairment that meets or equals one of listings . . . we will find that you are disabled"); Section 416.920(d) ("If you have an impairment(s) which . . . is listed in Appendix 1 or is equal to a listed impairment(s), we will find you disabled without considering your age, education, and work experience").  In other words, if a claimant meets or equals a listing, he or she will be found disabled at this step "without further inquiry."  Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999).  There is no need for the ALJ to complete steps

1  four and five of the sequential process.  Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir.

2  2001).

3       The listings in Appendix 1 describe specific impairments considered "severe

4  enough to prevent an individual from doing gainful activity, regardless of his or her age,

5  education, or work experience."  Section 404.1525.  An impairment that meets a listing

6  must satisfy all the medical criteria required for that listing.  Section 404.1525(c)(3).  An

7  impairment cannot meet a listing based only on a diagnosis.  Section 404.1525(d).

8       Medical equivalence will be found if the impairment "is at least equal in severity

9  and duration to the criteria of any listed impairment."  Section 404.1526(a).  Medical

10  equivalence is based on symptoms, signs and laboratory findings, but not subjective

11  symptoms.  Section 404.1529(d)(3).

12      The Ninth Circuit in Lewis, 236 F.3d at 512, held that an ALJ must evaluate the

13  relevant evidence before concluding that a claimant's impairments do not meet or equal

14  a listing.  The Court further declared, "A boilerplate finding is insufficient to support a

15  conclusion that a claimant's impairments do not do so."  Id.  Lewis cited as authority

16  Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990), a case relied on heavily by

17  Plaintiff. Lewis, however, distinguished Marcia by noting that Marcia "simply requires the

18  ALJ to discuss and evaluate the evidence that supports his or her conclusion; it does not

19  specify that the ALJ must do so under the heading 'Findings.'"  Lewis, 236 F.3d at 513.

20  Lewis found that the ALJ sufficiently discussed and evaluated the evidence before

21  concluding that the claimant did not meet a listing.  Lewis also held that the ALJ's failure

22  to discuss equivalence in that case was not reversible error because the claimant failed

23  to offer any theory, plausible or otherwise, how his impairments combined to equal a

24  listing impairment and because the claimant pointed to no evidence his combined

25  impairments equal a listing.  Id.

26      **B.     Analysis**

27      To begin, as in Lewis, the ALJ here sufficiently discussed and evaluated the

28  evidence before concluding that Plaintiff did not meet or equal a listing.  The fact that he

13

did so in his RFC assessment (AR 18-22) rather than in his step three finding (AR 16-18) is immaterial.  Lewis, 236 F.3d at 513 (Marcia "simply requires an ALJ to discuss and evaluate the evidence that supports his or her conclusions; it does not specify that the ALJ must do so under the heading 'Findings'"); Krucheck v. Barnhart, 125 Fed. Appx. 825, 827 (9th Cir. 2005) (adequately analyzed evidence elsewhere in decision); Harns v. Astrue, 2009 WL 801347*7 (N.D. Cal. 2009) (discussion and evaluation of evidence at step four supported ALJ's step three conclusion that impairments did not equal Listing 1.04; "Lewis does not require that support for the ALJ's conclusions be placed in a specific section of the report").  Here, no physician opined that Plaintiff met a listing or was precluded from all work except Dr. Ahmed whose opinion was discounted.  One of the State agency reviewers explicitly found that the medical evidence did not support a listing or the contention that Claimant can do no work at all.  (AR 1720.)  At the hearing, Plaintiff asserted that he met Listings 1.02A and 1.04A.  He does not challenge or discuss those findings here, and thus they are waived.  Carmickle v. Comm'r, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

For the first time, however, Plaintiff  apparently asserts that he meets Listing 1.04C, one element of which is the inability to ambulate effectively.  Listing 1.04 provides as follows:

> 1.04.  *Disorders of the spine* (e.g. herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord.  With:
>
> A.  Evidence of nerve root compression characterized by neuro- anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weaknesses) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

B.  Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;

C.  Lumbar spine stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

In 1.00B2, examples of the inability to ambulate effectively include "the inability to walk a block at a reasonable pace on rough or uneven surfaces."  The ALJ's RFC provides that Plaintiff "cannot walk on uneven terrain."  On that basis, Plaintiff alleges that he meets the criteria in Listing 1.04C.

An impairment that meets a listing, however, must satisfy all the medical criteria required for that listing.  20 C.F.R. § 404.1525(c)(3).  The medical evidence indicates Plaintiff has degenerative disc disease but Listing 1.04 also requires "compromise of a nerve root (including the caudia equina) or the spinal cord."  Plaintiff cites to no medical evidence of a compromised nerve root or spinal cord.  The ALJ, moreover, found no obvious cord-flattening or indentation of the cervical spine.  (AR 19.)  Listing 1.04C requires evidence of "lumbar spine stenosis resulting in pseudoclaudication."  Again, Plaintiff points to no evidence of pseudoclaudication.  The ALJ, moreover, noted only moderate central canal stenosis (AR 19) but nonetheless assessed Claimant with a light work RFC.  Plaintiff, who has the burden of proof at step three, Parra, 481 F.3d at 746, failed to carry his burden of establishing that he meets all of the criteria of Listing 1.04C.

The ALJ, moreover, discussed the combined effects of Plaintiff's impairments before concluding that Plaintiff did not equal Listing 1.04.  (AR 16.)  In disputing that finding, Plaintiff merely sets forth the same medical evidence he cited in support of Dr. Ahmed's opinion.  As in Lewis, the Claimant here failed to offer any theory, plausible

15

or otherwise, how his impairments combined to meet a listing or cite to evidence
establishing his combined impairments equal a listing.  <u>Lewis</u>, 236 F.3d at 513.  Again,
Plaintiff presented no medical opinion that he met or equaled a listing.  Under such
circumstances, "An ALJ is not required to discuss the combined effect of a claimant's
impairments or compare them to any listing in an equivalency determination, unless the
claimant presents evidence in an effort to establish equivalence."  <u>Burch v. Barnhart</u>, 400
F.3d 676, 683 (9th Cir. 2005).

The ALJ plainly discussed the combined effects of Plaintiff's impairments in
determining Plaintiff's RFC.  Plaintiff does not explain how a claimant with a residual
functional capacity assessment that would permit work could be found disabled at step
three of the sequential process.

Plaintiff's assertion that the ALJ failed to elaborate on his step three finding has no
merit.  The ALJ thoroughly discussed all of the relevant medical evidence of record
bearing on Listing 1.04 elsewhere in the decision.  None of the evidence accepted by the
ALJ establishes any impairments, singly or in combination, that meet or equal Listing
1.04.

## ORDER

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the
Commissioner of Social Security and dismissing this case with prejudice.

DATED: March 6, 2015                          _____/s/ John E. McDermott_____
                                              JOHN E. MCDERMOTT
                                              UNITED STATES MAGISTRATE JUDGE